# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | | |
|---|---|---|
| GREGORY LOWE, | : | |
| Petitioner, | : | |
| | : | NO. 5:10-CV-4 (MTT) |
| VS. | : | |
| WILLIAM M. TERRY, | : | |
| | : | Proceedings Under 28 U.S.C. §2254 |
| Respondent. | : | Before the U.S. Magistrate Judge |

## RECOMMENDATION

Before the court is respondent William M. Terry's motion seeking dismissal of the above-captioned petition. Tab #9. Therein, respondent Terry contends that the instant petition is due to be dismissed as untimely according to the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. §2244(d). Petitioner Gregory Lowe has responded to the motion. Tab #14.[1] The motion is ripe for review.

### FACTUAL AND PROCEDURAL HISTORY

On March 19, 1998, the petitioner was indicted by a Baldwin County, Georgia grand jury for the offenses of armed robbery, kidnaping with bodily injury, theft by taking a motor vehicle, and giving a false name. On August 28, 1998, the petitioner pled guilty to armed robbery, theft by taking a motor vehicle, false imprisonment, and giving a false name. The court imposed a sentence of twenty (20) years to serve. The petitioner did not seek to appeal this guilty plea conviction.

On June 23, 2008, the petitioner filed an application for writ of habeas corpus in the Superior Court of Johnson County, Georgia. On February 4, 2009, the Superior Court executed an order denying relief. The petitioner's subsequently filed application for a certificate of probable cause to

---

[1] In light of petitioner's timely response to the motion to dismiss, petitioner's motion for extension of time to respond to the motion to dismiss (Tab # 13) is **DISMISSED** as **MOOT**.

appeal this decision was denied by the Supreme Court of Georgia on September 8, 2009. The petitioner then executed the instant petition on January 4, 2010.

## DISCUSSION

Because this federal petition was filed outside the applicable limitations period, and because the petitioner has failed to show any cause for tolling the limitations period, the petition must be dismissed. The AEDPA sets forth a one (1) year statute of limitations for filing an application for a writ of habeas corpus for a person in custody pursuant to the judgment of a state court. 28 U.S.C. §2244(d)(1). This limitations period begins to run on the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such by State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id. In calculating the limitations period, courts do not count any time "during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

In this case, the petitioner's convictions became final no later than September 28, 1998, the day upon which the thirty (30) day time period for filing a notice of appeal expired. *See* O.C.G.A. § 5-6-38. Consequently, and in accordance with 28 U.S.C. §2244(d), the petitioner had until no later than September 28, 1999 in which to file a state collateral attack or federal petition. There is

nothing to indicate that the petitioner filed any such action prior to that date or that any other event occurred that would toll the limitations period.

With regard to the timeliness of the instant petition, the petitioner claims entitlement to equitable tolling. To be entitled to equitable tolling, a petitioner must show both "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Lawrence v. Florida, 549 U.S. 327, 336 (2007). "As a general matter, the federal courts will apply equitable tolling because of a prisoner's mental condition only in cases of profound mental incapacity." United States v. Sosa, 364 F.3d 507, 513 (4th Cir. 2004). According to the petitioner, he was unable to file his petition because he was dealing with mental illness, was hearing voices, was seeing things, was paranoid, was uneducated, and was ignorant about the law. Even accepting the petitioner's account of the symptoms of mental illness with which he allegedly suffers, petitioner has failed to explain how his mental illness prevented him from seeking any sort of collateral relief for nearly ten years after his guilty plea and conviction. See Nichols v. Upton, 2009 WL 1545828, *5 (N.D.Ga., May 29, 2009).

The amount of un-tolled time that elapsed between the petitioner's convictions becoming final and his execution of the instant federal habeas action totaled no less than four-thousand-one-hundred-sixteen (4116) days. This amount of time far exceeds the one (1) year period of limitations. Accordingly, IT IS RECOMMENDED that the respondent's motion seeking dismissal be GRANTED and the instant petition DISMISSED. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this recommendation with the district judge to whom this case is assigned, WITHIN FOURTEEN (14) DAYS after being served with a copy thereof. The Clerk is directed to serve the petitioner at the last address provided by him.

SO RECOMMENDED, this 16th day of November, 2010.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge